# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00725-CR

### William Thomas Watts, Appellant

### v.

### The State of Texas, Appellee

### FROM THE DISTRICT COURT OF CONCHO COUNTY, 119TH JUDICIAL DISTRICT
### NO. DIS-08-01654, HONORABLE BEN WOODWARD, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

On July 15, 2008, following a bench trial, the trial court found appellant William Thomas Watts guilty of aggravated sexual assault of a child and imposed a fifty year sentence. The trial court signed a judgment of conviction formalizing the finding of guilt on July 17. On August 12, appellant filed a timely motion for new trial. *See* Tex. R. App. P. 21.4(a). The motion was overruled by operation of law on September 29, the Monday following seventy-five days after the trial court "impos[ed] . . . sentence in open court." *See id.* R. 21.8. The notice of appeal was due no later than October 13, 2008, ninety days after sentence was imposed in open court. *See id.* R. 26.2(a)(2). Appellant's notice of appeal was mailed October 28 and filed by the trial court on October 30.

October 28 was the last day of the fifteen-day period during which a defendant may seek an extension of time to file his notice of appeal. *See id.* R. 26.2(a)(2), 26.3. "When a notice of appeal is filed within the fifteen-day period but no timely motion for extension of time is filed,

the appellate court lacks jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (affirming that Olivo still governs late notices of appeal under amendments to rules of appellate procedure). We therefore withdraw our order of February 24, 2009,[1] and dismiss the appeal for want of jurisdiction. *See Olivo*, 918 S.W.2d at 523 ("When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction. In that instance, a court of appeals lacks jurisdiction over the purported appeal and, therefore, lacks the power to invoke Rule 2(b) or Rule 83 in an effort to obtain jurisdiction of the case.").

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Filed: March 4, 2009

Dismissed for Want of Jurisdiction

Do Not Publish

---

[1] On February 24, 2009, in mistaken reliance upon case law applicable only to civil appeals, we ordered appellant's counsel to file a motion for extension of time. However, the court of criminal appeals has ruled that a motion for extension of time to file a notice of appeal in a criminal case must be filed within the fifteen-day extension period and that this time limit cannot be extended or waived. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996)